**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Dennis M. GAVIGAN and Laura A. GAVIGAN, | : |
| Plaintiffs, | : |
| | : |
| v. | : Case No. 3:06-CV-942 (PCD) |
| | : |
| COMMISSIONER, INTERNAL REVENUE | : |
| SERVICE, and the UNITED STATES, | : |
| Defendants. | : |

## RULING ON MOTION TO DISMISS

Defendants, the Commissioner of the Internal Revenue Service and the United States,

move to dismiss Plaintiffs' action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure for lack of subject matter jurisdiction and Rule 12(b)(6) of the Federal Rules of Civil

Procedure for failure to state a claim upon which relief can be granted. For the reasons stated

herein, Defendants' Motion to Dismiss [Doc. No. 19] is **granted in part** and **denied in part.**

## I.    BACKGROUND

Plaintiffs Dennis M. Gavigan and Laura A. Gavigan are residents of Middletown,

Connecticut, and are proceeding pro se. Plaintiffs bring a series of claims alleging unlawful tax

collection and assessment based on various taxes assessed and liens and levies imposed for tax

years 1998-2005. On June 10, 2004, the Internal Revenue Service ("IRS") issued a Notice of

Federal Tax Lien ("NFTL") in the amount of $29,460.47 for tax periods 1998-2001. (Am.

Compl. ¶ 13, Ex. B.)[1]  On June 18, 2004, the Middletown Town Clerk recorded a NFTL against

Plaintiffs' property which was prepared by the IRS for the same amount covering the same tax

_____

[1] Plaintiffs describe the NFTL was "undated." (Am. Compl. ¶ 13.)  However, the NFTL
included in Exhibit B is dated "June 10, 2004"; therefore the Court will use this date. (See Pls.'
Ex. B.)

periods as the June 10th NFTL.  (Am. Compl. ¶ 15, Ex. C.)  On June 14, 2004, the IRS issued to

Fleet National Bank ("Fleet") a Notice of Levy ("NOL") in the amount of $30,694.48 against

Plaintiffs' bank deposits for tax years 1998-2001.  (Id. ¶¶ 18, 31, Ex. E.)  Neither a warrant of

distraint, a court order, nor a notice of seizure was appended to the NOL.  (Id. ¶¶ 10, 20.)  In

response to the NOL, Fleet surrendered $3,340.45 of Plaintiffs' money to the government.  (Id.

¶¶ 9, 19, Ex. F.)  On November 4, 2005, the Middletown Town Clerk filed and recorded a second

NFTL against Plaintiffs' property in the amount of $11,540.41 for tax years 1996, 1997, and

2004.  (Id. ¶¶ 16, 17, Ex. D.)[2]  On January 18, 2006, the IRS issued the following NOLs, each in

the amount of $30,155.94 for tax years 1998-2001: to Fleet against Plaintiffs' deposits (Am.

Compl. ¶ 25, Ex. H); to Citizens Bank of Connecticut against Plaintiffs' deposits (id. ¶ 26, Ex. I);

to Bio-Medical Applications against Plaintiffs' wages (id. ¶ 27, Ex. J); and to P&B Trucking

against Plaintiffs' wages.  (Id. ¶ 28, Ex. K.)

     In February 2006, Plaintiffs sent numerous Freedom of Information Act ("FOIA")

requests to the IRS for various documents pertaining to the assessment of Plaintiffs' tax

deficiency.  (Am. Compl. ¶¶ 44, 55, 60, 63, 65, 66, Exs. M, O-1, O-2, O-3, Q-1, Q-2, R, S.)  In

addition to their FOIA requests, on February 9, 2006 Plaintiffs sent the IRS Area Director of the

North Atlantic Region a request titled "Release of Liens/Levy; Request for Refund/Abatement of

Improper Assessments or Liability; Attempt to Exhaust Administrative Remedies."  (Id. ¶ 68, Ex.

T.)  On April 30, 2006, Plaintiffs submitted to the IRS five separate Form 843s, "Claims for

Refund and Request for Abatement," claiming a 1040A tax refund in the amounts of $3,340.45,

---

[2]     In the Amended Complaint, Plaintiffs describe the second NFTL as "undated."  (Am.
Compl. ¶ 16.)  However, the NFTL included in Exhibit D is dated "November 4, 2005";
therefore the Court will use this date.  (See Pls.' Ex. D.)

$11,745.85, $11,861.05, $5,555.99, and $1,531.59 for tax years 1998-2001 respectively.  (Id. ¶¶ 23, 71-74, Exs. G, V, W, X, Y.)  Each Form 843 noted that the reason for the claim of refund/abatement was that "collection was legally unenforceable."  The IRS has not responded to any of these claims.  (Id. ¶¶ 24, 69, 75.)  Plaintiffs further allege that they filed timely requests for their 2003, 2004, and 2005 overpayments, which the IRS has not yet refunded.  (Id. ¶¶ 76-81.)

On May 3, 2006, Plaintiffs sent the IRS a  Notice of Intent to Sue.  (Am. Compl. ¶ 69, Ex U.)  After more than 30 days elapsed without their receiving a response from the IRS (id. ¶ 70), Plaintiffs commenced this action on June 20, 2006.  On October 11, 2006, they filed their Amended Complaint, in which they assert claims against the Commissioner of the IRS and the United States for improper assessment and collection of taxes, failure to abate, failure to refund tax overpayments, failure to release a lien and levy, unjust enrichment, fraud, negligence, intentional infliction of emotional distress, and violations of the Fourth, Fifth and Fourteenth Amendments.  (Id. ¶¶ 5, 29, 82-124.)  On November 28, 2006, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.     STANDARD OF REVIEW

### A.     Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1)

A case is properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate it.  FED. R. CIV. P. 12(b)(1); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  Plaintiff, as the party asserting subject matter jurisdiction, has the burden of establishing that it exists, Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996) (citation omitted), and the Court should not draw

argumentative inferences in her favor.  Atl. Mut. Ins. Co. v. Balfour MacLaine Int'l, 968 F.2d 196, 198 (2d Cir. 1992) (citation omitted).  When considering a motion to dismiss for lack of subject matter jurisdiction, the court "must determine whether or not the factual predicate for subject matter exists."  Tilley v. Anixter Inc., 283 F. Supp. 2d 729, 733 (D. Conn. 2003) (citation omitted).  In making a determination of a motion to dismiss under Rule 12(b)(1), a court is not "limited to the face of the complaint, but may consider evidence, including affidavits submitted by the parties."  Id. at 733 (citing Robinson v. Malaysia, 269 F.3d 133, 141 (2d Cir. 2001)).

**B.    Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)**

In determining a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff."  Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).  "The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims."  Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36, 94 S. Ct. 1683 (1974) (internal quotations omitted)).  A district court should not grant a motion to dismiss under Rule 12(b)(6) unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S.Ct. 2893 (1989) (internal citation omitted).  Furthermore, in deciding a Rule 12(b)(6) motion, the Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999) (citation and internal quotations omitted); Hayden

v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).

### C. Special Considerations for Pro Se Plaintiffs

As stated previously, Plaintiffs are proceeding pro se. The Second Circuit has repeatedly cautioned that because "most pro se plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002) (citation and internal quotations omitted). The Second Circuit has also emphasized that "pro se litigants ... cannot be expected to know all of the legal theories on which they might ultimately recover," and, accordingly, "[i]t is enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim." Phillips v. Girdick, 408 F.3d 124, 130 (2d Cir. 2005). It is up to the district court to determine what claims a pro se plaintiff's complaint could raise, and in doing so, "'the court's imagination should be limited only by [the plaintiff]'s factual allegations, not by the legal claims set out in his pleadings.'" Ford v. New Britain Trans. Co., Case No. 3:03cv150 (MRK), 2005 WL 1785269, at *1 (D. Conn. July 26, 2005) (quoting Phillips, 408 F.3d at 130). Importantly, however, the Court is not required to engage in "rank speculations" in an effort to manufacture a federal claim for pro se plaintiffs, Ford, 2005 WL 1785268 at *5, and thus, a court may dismiss a complaint if it appears beyond doubt that no set of facts could be proven that would establish an entitlement to relief. Weixel v. Bd. of Educ. of New York, 287 F.3d 138, 145-46 (2d Cir. 2002).

## III. DISCUSSION

The Government moves to dismiss Plaintiffs' action pursuant to Fed. R. Civ. P. 12(b)(1)

for lack of subject matter jurisdiction because Plaintiffs' action is barred by the sovereign immunity of the United States, the Anti-Injunction Act, and the Declaratory Judgment Act. The Government also moves to dismiss the Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Because the Government has only argued the jurisdictional issues in its memorandum in support of its motion, the Court, reading the papers in the light most favorable to the Plaintiffs and in deference to their pro se status, declines to review their claims for failure to state a claim upon which relief can be granted.

Before discussing the issues raised by the motion to dismiss, it must be stated that a fundamental aspect of Plaintiffs' position in this case is without merit. Plaintiffs assert in their opposition memorandum that they are nontaxpayers and as such are not liable for federal income taxes. (Pls.' Mem. at 4-5, 8-13, 14-15.) They further argue that the tax system is voluntary. (Id. at 9.) However, the payment of income taxes is "not optional," United States v. Schiff, 876 F.2d 272, 275 (2d Cir. 1989); see United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir.1993) (rejecting argument that payment of income taxes is voluntary), and there is no question that all citizens working in the United States are required to pay taxes. See 26 U.S.C. §§ 1, 1441(a), (b); 26 C.F.R. § 1.1-1 (2007); Schiff v. United States, 919 F.2d 830, 832-33 (2d Cir. 1990); United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983) (stating that claim of immunity from IRS jurisdiction as "nontaxpayer" is "totally without arguable merit"); Bey v. City of New York Dep't of Corr., No. 97 Civ. 4866 (RPP), 1997 WL 576090, at * 2 (S.D.N.Y. Sept. 17, 1997).

## A.    Sovereign Immunity

The Government contends that the Court lacks subject matter jurisdiction over Plaintiffs'

claims against the United States because they are barred by sovereign immunity. Under well-established principles of sovereign immunity, claims against the United States and its agencies are barred unless sovereign immunity has been "unequivocally" waived by statutory text, Lane v. Pena, 518 U.S. 187, 192, 116 S.Ct. 2092 (1996), or the United States consents to be sued, in which case "'the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Moreover, the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269 (1957) (citing Sherwood, 312 U.S. at 590-91).

As an initial matter, the Court dismisses the Commissioner of the IRS and the IRS from this suit as improper defendants. The Commissioner, as a federal official, may be subjected to suit for damages in his personal capacity. Akers v. United States, 539 F. Supp. 831, 833 (D. Conn. 1982), aff'd, 718 F.2d 1084 (2d Cir. 1983). Although the Plaintiffs name the Commissioner in the title of their Amended Complaint, they do not allege any actions taken by him or otherwise mention him in the body of their complaint or in their opposition to the Government's motion. Therefore, the Plaintiffs fail to state a claim against the Commissioner in his personal capacity. Id. (dismissing claims against the IRS Commissioner because the plaintiffs did not make any allegations against the Commissioner in their complaint). The IRS itself is an improper party to this action because Congress has not authorized suits in federal courts against the Department of Treasury. See Blackmar v. Guerre, 342 U.S. 512, 151, 72 S.Ct. 410 (1952) (holding that Congress must give express authorization in order for an agency to be

sued in its own name); Posey v. U.S. Dep't of Treasury-I.R.S., 156 B.R. 910, 917 (W.D.N.Y. 1993) (citation omitted); Clegg v. U.S. Treasury Dep't, 70 F.R.D. 486, 488-89 (D. Mass. 1976) (citation omitted). Actions against the IRS are deemed actions against the United States, Posey, 156 B.R. at 917; Dubay v. I.R.S., Civ. No. 3:96cv1399 (AHN), 1997 WL 76577, at *4 (D. Conn. Feb. 7, 1997), and so the United States remains the sole Defendant in this action. The sovereign immunity of the United States has been expressly waived in several instances; each waiver, as it relates to Plaintiffs' claims, will be addressed in turn below.

### 1. *Erroneous or Illegal Tax Assessment and Collection Claims (Counts I and II)*

Plaintiffs contend that they are entitled to a refund of the $3,340.45 levied from their Fleet bank account for tax year 1998, an abatement of the unpaid portions of their liability for tax years 1998-2001, and a refund for their overpayment for tax years 2003-2005. (See Am. Compl. ¶¶ 23-24, 30, 71-80, 82-88, Pls.' Ex. G, V, W, X, Y.) The Government moves to dismiss these claims for lack of subject matter jurisdiction. Taxpayers have federal statutory rights to challenge certain erroneously or illegally assessed taxes in federal court. Section 1346 of Title 28 of the United States Code gives district courts jurisdiction over:

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1). Although Section 1346 appears to give broad power to the district courts to hear actions brought by taxpayers to recover payments on allegedly erroneous, illegal or wrongfully assessed or collected taxes, several restrictions limit a taxpayer's independent right to bring a refund suit in federal court. First, 26 U.S.C. § 7422(a) requires that a taxpayer must file a

"claim for refund or credit" with the IRS before bringing suit in district court.  In addition, a

taxpayer cannot file suit against the IRS "before the expiration of 6 months from the date of

filing the claim," 26 U.S.C. § 6532(a)(1); see also Harriman v. I.R.S, 233 F. Supp. 2d 451, 459

(E.D.N.Y. 2002) ("a claimant must give the Internal Revenue Service at least six months to

process a claim prior to commencing suit in federal court"), and a taxpayer must pay the full

amount of the assessment before he may challenge its validity in an action under § 1346(a)(1).

Flora v. United States, 362 U.S. 145, 177, 80 S.Ct. 630 (1960) ("correctly construed, [§

1346(a)(1)] requires full payment of the assessment before an income tax refund suit can be

maintained in a Federal District Court"); see also United States v. Forma, 42 F.3d 759, 763 (2d

Cir. 1994).

Plaintiffs' first claim for a refund of the $3,340.45 levied from their Fleet bank account is

dismissed for several reasons.  First, Plaintiffs have not paid their tax liability in its entirety;

Plaintiffs have only paid $3,340.45 of a tax liability that exceeds $60,000. (See Pls.' Ex. A-1, A-

2, A-3, B, C, D, E.)  Until Plaintiffs have paid the full amount of the tax liability assessed, the

Court lacks jurisdiction to hear the case, and their claim for a refund must be dismissed.  Forma,

42 F.3d at 763.  Plaintiffs' claim for a refund also appears to be invalid because they filed the

wrong form.  In order for a claim for refund to be valid, it must satisfy the requirements imposed

by statute and regulation.  Dubay v. Scott, No. CIV. 3:98-0029 (DJS), 1998 WL 1035429, at *3

(D. Conn. Sept. 30, 1998).  One such regulation requires the refund claim to be filed on the

correct IRS form.  Id. (citation omitted).  A claim for a refund of an allegedly illegally assessed or

collected tax arising out of a "1040" or "1040A" income tax must be filed on IRS Form 1040X,

26 C.F.R. § 301.6402-3, whereas a claim for a refund of taxes other than income tax must be

filed on IRS Form 843.  26 C.F.R. § 301.6402-2(c); see also Dubay, 1998 WL 1035429, at *3.

Plaintiffs filed a claim for refund of $3,340.45 on IRS Form 843 specifying the type of tax to be

refunded as a  "1040A" tax.  (Pls.' Ex. G.)  Because Plaintiffs should have filed their income tax

refund claim using IRS Form 1040X rather than IRS Form 843, their claim for a refund is

invalid.

Moreover, the Court lacks jurisdiction because Plaintiffs failed to wait the requisite six

months before bringing suit.  While statute of limitations defenses are often reviewed in the

Second Circuit pursuant to Fed. R. Civ. P. 12(b)(6) as an element of a claim, statutes of

limitation are jurisdictional in tax cases.  Harriman, 233 F. Supp. 2d at 457; see also United

States v. Dalm, 494 U.S. 596, 608, 110 S.Ct. 1361 (1990).  Plaintiffs submitted their claim for a

refund on April 30, 2006 (Pls.' Ex. G), and so they should have waited until October 31, 2006 in

order to comply with the six-month waiting period required by 26 U.S.C. § 6532(a)(1).

However, Plaintiffs commenced this action on June 20, 2006, and filed their Amended

Complaint on October 11, 2006.  Because both complaints were filed before the requisite six-

month waiting period, the Court lacks subject matter jurisdiction over Plaintiffs' action for

refund of their $3,340.45 payment.  Plaintiffs' February 9, 2006 letter titled "Release of

Liens/Levy; Request for Refund/Abatement of Improper Assessments or Liability; Attempt to

Exhaust Administrative Remedies" (Pls.' Ex. T.) could be viewed as an "informal request" for a

refund to satisfy the six-month waiting period.  See Forma, 42 F.3d at 767 n.13 ("an informal

claim is sufficient to satisfy the statutory prerequisite of a timely administrative claim found in

26 U.S.C. § 7422(a)" (citation and internal quotations omitted)).  To be considered a satisfactory

informal claim, the claim "must at least alert the IRS that the taxpayer seeks a refund and must

also indicate the grounds upon which the taxpayer's claim is based." Id. (citations omitted).

Reviewing the February 9th letter liberally, the Court may consider it an informal request because it clearly states that it is a "request for a refund" and explicitly refers to 27 U.S.C. §§ 1346 and 7422. (Pls.' Ex. T.) Nevertheless, even if it were to consider this letter an informal request that started the six-month waiting period earlier and saved the timing of Plaintiff's Amended Complaint, the Court still lacks subject matter jurisdiction because Plaintiffs did not pay their tax liability in full prior to filing this suit and because they did not use the correct forms when filing a refund for the $3,045 levy against Fleet Bank.

Plaintiffs' second claim against the IRS to abate the erroneously assessed taxes for years 1998-2001 is also dismissed. Congress prohibits taxpayers from filing claims for abatement of taxes erroneously or illegally assessed. 26 U.S.C. § 6404(b); see also Bax v. C.I.R. 13 F.3d 54, 58 (2d. Cir. 1993) (holding § 6404(b) "expressly bars abatement claims predicated on the illegality of income tax assessments"). Accordingly, the Plaintiffs' claim for abatement of the unpaid portions of their tax liability (Count II) is hereby dismissed.

However, Plaintiffs' claim for a refund for their alleged overpayment of taxes for tax years 2003-05 is not dismissed because the Court is unable to determine at this time whether the Plaintiffs filed a timely request for a refund of these overpayments. Section 6511(a) provides:

> [A c]laim for credit or refund of an overpayment of any tax ... shall be filed by the taxpayer *within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later*, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a) (emphasis added). In their Amended Complaint, Plaintiffs simply state that they made a "timely request for refund of an overpayment" (Am. Compl. ¶¶ 76, 78, 80), but they

have not attached any documents or letters specifically addressing the 2003, 2004, and 2005 overpayments. For purposes of this motion and in deference to Plaintiffs' pro se status, the Court accepts the statements made on the face of the complaint that Plaintiffs have fulfilled the statutory requirements for the refund of overpayments for tax years 2003-2005. Thus, the Government's motion to dismiss Plaintiffs' overpayment claims for tax years 2003-2005 (Count I) for lack of subject matter jurisdiction is denied.

### 2. Wrongful Levy Claim (Count III)

Defendants also move to dismiss Plaintiffs' wrongful levy claim brought pursuant to 26 U.S.C. § 7426. Plaintiffs allege that, pursuant to 26 U.S.C. § 6343(b)(1), they requested that the Government release levies and return property wrongfully imposed and collected. (Am. Compl. ¶¶ 90-92.) If an individual believes that a levy against him or her was wrongful, his or her only recourse is to seek administrative review under 26 U.S.C. § 6343(b) within nine months or file suit in federal district court under § 7426(a)(1) within the same amount of time. See United States v. Nat'l Bank of Commerce, 472 U.S. 713, 736, 105 S.Ct. 2919 (1985). Section 7426 only waives the government's sovereign immunity, however, for a person "other than the person against whom is assessed the tax out of which the levy arose[.]" 26 U.S.C. § 7426(a)(1). The statute is strictly construed in order to preclude a waiver of sovereign immunity where the action is brought by the taxpayer. Soffer v. United States, No. 01 Civ. 0945 (KMW) THK, 2002 WL 741653, at * 4 (S.D.N.Y. Mar. 20, 2002); see also Dubay, 1998 WL 1035429, at *4. Accordingly, the United States has not consented to a wrongful levy action brought by Plaintiffs in federal district court, and so Plaintiffs' wrongful levy action (Count III) is dismissed.

### 3. Section 7432 Claim for Failure to Release a Lien (Count IV)

Plaintiffs allege that an unknown officer or employee of the IRS failed to release a lien pursuant to 26 U.S.C. § 6325(a)(1) in violation of 26 U.S.C. § 7432(a). (Am. Compl. ¶¶ 4, 94.) However, unlike in wrongful levy actions, Congress has expressly waived sovereign immunity for taxpayers alleging that an employee or official of the IRS did not release a lien pursuant to § 6325(a)(1). 26 U.S.C. § 7432(a). The Court accordingly has jurisdiction over Plaintiffs' § 7532 claim. The Government, presumably, moves to dismiss the claim pursuant to Rule 12(b)(6). However, since the Government did not brief the issue and makes only passing references to dismissing all of Plaintiffs' claims under Rule 12(b)(6), the Court will not grant Defendant's motion to dismiss Plaintiffs' § 7432(a) claim at this time.

### 4.    *Section 7433 Claim for Unauthorized Collection Actions (Count V)*

Plaintiffs also bring a claim for unauthorized collection of taxes by individual IRS agents (Count V), alleging that IRS employees Susan Meredith, C. Sherwood, Jane Finnegan, R. M. Connolly, Susan Hansen, and Ronald Johnson violated 26 U.S.C. § 6325 by issuing unsupportable NFTLs and NOLs. (See Am. Compl. ¶ 98.) The United States consents to be sued by a taxpayer in district court in actions relating to the collection of federal taxes if "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title[.]" 26 U.S.C. § 7433(a). In order to bring a claim under § 7433 in district court, a plaintiff must first exhaust her administrative remedies or six months must have elapsed since she filed her administrative claim. See 26 U.S.C. § 7433(d)(1); 26 C.F.R. § 301.7433-1(e)(1); Roberts v. I.R.S., 468 F. Supp. 2d 644, 650 (S.D.N.Y. 2006) ("failure to comply with the regulation deprives the federal district court of jurisdiction" (citing Stephens v. United States, 437 F. Supp. 2d 106, 109 (D.D.C. 2006))). Plaintiffs allege

that the IRS has not responded to their claim made in a letter dated February 9, 2006, titled

"Release of Liens/Levy; Request for Refund/Abatement of Improper Assessments or Liability;

Attempt to Exhaust Administrative Remedies." (Am. Compl. ¶¶ 68, 69.) Therefore, because no

final agency decision exists for the court to review, Plaintiffs could not file a claim in this court

until six months after they filed their administrative claim with the IRS. Plaintiffs filed this

action on June 20, 2006, only four and a half months after filing their IRS claim. Accordingly,

Plaintiffs failed to exhaust their administrative remedies on their § 7433 claim for the

unauthorized collection of taxes, and so Count V is hereby dismissed.

### 5. *Common Law Tort Claims*

Plaintiffs' common law tort claims of fraud, negligence, and intentional infliction of

emotional distress must also be dismissed for lack of subject matter jurisdiction. Although the

Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 2671 et seq., provides an express waiver of

sovereign immunity for the tortious acts or omissions of government employees acting within the

scope of their office or employment, it specifically excludes tort claims "arising in respect to the

assessment or collection of any tax." 28 U.S.C. § 2680(c). Because Plaintiffs' tort claims are

based on the wrongful collection and/or assessment of taxes (Am. Compl. ¶¶ 101-115, 120-124),

the Court lacks subject matter jurisdiction over them. See Weiner v. I.R.S., 986 F.2d 12, 13 (2d

Cir. 1993); Webb v. Smith, No. 97 CIV. 0787(MGC), 1997 WL 438794, at *2-3 (S.D.N.Y. Aug.

4, 1997). Thus, Plaintiffs' tort claims (Counts VI, VII, and IX) are hereby dismissed.

### B. Anti-Injunction Act and Declaratory Judgment Act

Although the Plaintiffs do not explicitly ask for an injunction or for a declaratory

judgment, the Plaintiffs' Amended Complaint, read in conjunction with their opposition

memorandum, may be interpreted to request injunctive and/or declaratory relief.  The

Government moves to dismiss on the grounds that, to the extent Plaintiffs seek injunctive or

declaratory relief, their claims are barred by the Anti-Injunction Act and/or the Declaratory

Judgment Act.

The Anti-Injunction Act provides in relevant part: "no suit for the purpose of restraining

the assessment or collection of any tax shall be maintained in any court by any person."  26

U.S.C. § 7421(a).  The purpose of the Act is both to protect the "Government's need to assess

and collect taxes as expeditiously as possible with a minimum of preenforcement judicial

interference and to require that the legal right to the disputed sums be determined in a suit for

refund."  Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995) (quoting Bob Jones Univ. v.

Simon, 416 U.S. 725, 736, 94 S. Ct. 2038 (1974)) (internal quotations omitted).  However, a

taxpayer may sue to restrain the assessment or collection of a tax where he or she shows: "(1)

that 'it is clear that under no circumstances could the Government ultimately prevail' on the tax

liability and (2) that 'equity jurisdiction otherwise exists' because the taxpayer would suffer

irreparable injury if collection were effected."  Randell, 64 F.3d at 106-07 (quoting Enochs v.

Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S. Ct. 1125 (1962)).  Furthermore, the

court must "take the view of the facts that is most liberal to the Commissioner, not to the

taxpayer seeking injunctive relief."  Randell, 64 F.3d at 107 (citations omitted).  In the case at

bar, Plaintiffs have made no allegations to satisfy this standard.  Plaintiffs make no showing

anywhere in their complaint or their brief that under no circumstances could the government

prevail in this matter.  Moreover, the Plaintiffs have not alleged or implied that the monies levied

or the lien on Plaintiffs' property would cause them "irreparable harm."  Because nothing in

-15-

Plaintiffs' complaint of brief could be interpreted as satisfying either exception to the Anti-Injunction Act, any claim by Plaintiffs for injunctive relief is hereby dismissed.

The Declaratory Judgment Act expressly precludes federal courts from granting declaratory relief in cases "with respect to federal taxes." 28 U.S.C. § 2201(a). "Thus, whether or not that Act waives the sovereign immunity of the United States with respect to other types of actions, it explicitly excludes from any such waiver the power to declare rights or obligations with respect to federal taxes." S.E.C. v. Credit Bancorp, Ltd., 297 F.3d 127, 137 (2d Cir. 2002). Because Plaintiffs' claims all relate to the assessment or collection of federal taxes, they are dismissed to the extent they request declaratory relief.

### C. Constitutional Claims

Although Plaintiffs do not clearly state a count alleging any constitutional violations, they make statements in their Amended Complaint which may be construed to allege deprivations of their property in violation of the Fourth, Fifth, and Fourteenth Amendments. (Am. Compl. ¶¶ 10, 12, 20-22). To the extent Plaintiffs bring claims for violations of their constitutional rights to due process of law and to be free from unreasonable seizures, they are dismissed for failure to state a claim upon which relief can be granted. Plaintiffs apparently claim that their due process rights were violated because no court ordered that the property in their bank accounts be conveyed to the IRS. (Id. ¶ 9.) Plaintiffs cite 26 U.S.C. § 7323, relating to judicial action to seize and enforce property subject to forfeiture, to support their allegation that the IRS failed to follow procedures mandated by statute with respect to the assessment and collection of income taxes. (Id. ¶ 11.) However, there is no requirement that the IRS or the United States obtain a court order before it can assess a tax, file a notice of federal tax levy, or begin collection actions,

unless they are imposing a levy on a personal residence or entering private property for the purposes of collecting taxes.  Neither of those exceptional circumstances apply to the case at bar. Plaintiffs further allege that the NOL issued to Fleet was defective because it was not accompanied by warrants of distraint or a notice of seizure.  (Id. ¶¶ 20, 22.)  However, warrants of distraint are no longer required under the statute authorizing the IRS to collect unpaid tax by a levy on property.  See 26 U.S.C. § 6331(a); see also Nat'l Bank of Commerce, 472 U.S. at 721, 105 S.Ct. 2919 ("The constitutionality of the levy procedure ... 'has long been settled.'" (quoting Phillips v. Comm'r, 283 U.S. 589, 595, 51 S.Ct. 608 (1931))); Celauro v. United States, 411 F. Supp. 2d 257, 264-65 (E.D.N.Y. 2006).  Plaintiffs have therefore failed to state any constitutional claim upon which relief can be granted, and any due process or unreasonable seizure claims raised by Plaintiffs are hereby dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 19] is **granted in part** and **denied in part.**  Counts II, III, V, VI, VII, and XI are hereby dismissed.

SO ORDERED

Dated at New Haven, Connecticut, April  26 , 2007.


_____
          /s/
Peter C. Dorsey, U.S. District Judge
U.S. District Court, District of Connecticut